**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RACHEL ANDERSON, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 20-cv-04648 |
| v. | ) | |
| | ) | |
| TWIN RESTAURANT OAKBROOK, LLC,) | | Honorable Jorge L. Alonso |
| *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FRONT BURNER RESTAURANTS, LP'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
AND JOINDER IN THE TWIN PEAKS DEFENDANTS' MOTION TO DISMISS**

Defendant Front Burner Restaurants, LP ("Front Burner"), by its undersigned counsel, for its memorandum in support of its motion to dismiss with prejudice the Second Amended Complaint filed by Plaintiffs ("Plaintiffs") and joinder in the Twin Peaks Defendants' Motion to Dismiss, states as follows:

**INTRODUCTION**

The Second Amended Complaint is a failed attempt to assert claims of discrimination, harassment, and retaliation against Front Burner. Aside from the multitude of procedural issues, including Plaintiffs' failure to name Front Burner in any Charge of Discrimination, Plaintiffs' latest pleading is wholly inadequate and must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedures.

For starters, the Second Amended Complaint is inundated with conclusory allegations which this Court cannot accept as true. Courts routinely dismiss complaints that lump together multiple defendants without alleging *each* defendant's supposed wrongful conduct, which is

exactly what we are faced with here. Plaintiffs amass all thirteen Defendants, generally accusing them of improper behavior without characterizing how or even if Front Burner was involved. Without such detail, Front Burner cannot reasonably be said to be on notice of what Plaintiffs' claims are and the grounds upon which they rest. Thus, dismissal pursuant to Rule 12(b)(6) is warranted.

Another fatal flaw—Plaintiffs have not set forth any basis for joint employer liability. Again, Plaintiffs primarily rely on conclusory allegations to establish such basis, merely restating the factors relevant to the issues of joint employment. Further, the sparse factual allegations that actually reference Front Burner do nothing more than suggest some minor level of integration between Front Burner and the other defendants. At best, these meager facts go to Front Burner's involvement in administrative tasks; they do not speak to or support a finding that Front Burner had any control over the Plaintiffs' employment. Accordingly, this barebones pleading does not plausibly suggest Plaintiffs are entitled to any relief from Front Burner and so, Plaintiffs claims against Front Burner must be dismissed.

Finally, as set forth in the Twin Peaks Defendants' Motion to Dismiss, which Front Burner joins and incorporates herein by reference, Plaintiffs' Second Amended Complaint must be dismissed for a host of other reasons, including the failure to exhaust administrative remedies, the failure to timely file suit in the ninety-day window following receipt of their respective right to sue letters, and a failure to state a claim for discrimination, harassment, or retaliation on the basis of sex, race, or disability.

For these reasons, and as explained below, all claims against Front Burner must be dismissed with prejudice pursuant to Rule 12(b)(6).

**ARGUMENT**

I.      **Background**

Defendants, through an alleged "complex, opaque web of companies," purportedly own and operate the Twin Peaks restaurant chain in Illinois, Texas, and Florida. (*See*, *generally*, Doc. 32; Doc. 32, at ¶ 223). Thirty-two former employees, who worked at various Twin Peaks Restaurants between 2016 and 2019, filed the underlying action asserting claims of discrimination, harassment, and retaliation because of their sex, gender, sexual orientation, race, and/or disability. (Doc. 32, at ¶¶ 38, 41-116, 120-154, 157-207).

Some of the Plaintiffs filed Charges of Discrimination; some did not.[1] (*See* Doc. 25, PageID #233-93). Notably, Front Burner was not a named respondent in any of the charges filed by Plaintiffs. (*See* Doc. 25, PageID #233-93). On December 20, 2019, upon the request of Plaintiffs' counsel, the EEOC issued Notices of Dismissal and Right to Sue ("Right to Sue") for the Plaintiffs who filed Charges, with the exception of Plaintiff McBride for whom no Right to Sue was issued. (Doc. 25, PageID #191-220).

Plaintiffs filed the underlying action on August 7, 2020, and subsequently amended their pleading on August 10, 2020, in part to add Front Burner Restaurants, LP, as a Defendant, and again on November 19, 2020, in response to the Twin Peaks Defendants'[2] Motion to Dismiss. (Docs. 1, 4, 25, & 32). While the latest iteration contains more factual allegations as it relates to Front Burner, it is still insufficient to state any cause of action against Front Burner.

---

[1] Upon information and belief, the following Plaintiffs did not file any Charge of Discrimination: Johnae Farr, Lizeth Hurtado, and Caitlyn Temesvary. (*See* Doc. 25, PageID #233-93).

[2] "Twin Peaks" or the "Twin Peaks Defendants" are Twin Restaurant Oakbrook, LLC, Twin Restaurant Orland Park, LLC, Twin Restaurant Wheeling, LLC, Twin Restaurant Warrenville, LLC, Twin Restaurant Holding, LLC, Twin Restaurant, LLC, Twin Restaurant Franchise, LLC, Twin Restaurant Investment Co. II, LLC, Twin Restaurant Investment Company, Twin Restaurant Frisco, LLC, TP Franchise Ventures I, LLC, and Twin Restaurant IP, LLC.

Plaintiffs seemingly concede that Front Burner was not their direct employer but contend Front Burner is a "joint employer" for the following reasons:

- Plaintiff Winfield "received her offer letter and orientation instructions from an employee of Front Burner Restaurants." (Doc. 32, PageID #402, at ¶ 228);

- Documents from a separate governmental investigation, involving Blaylock, "indicate that managers from the Orland Park restaurant took direction from Front Burner, which investigators named as the holding company for the Twin Peaks restaurant chain." (Doc. 32, PageID #402, at ¶ 229);

- "Brad Hager, a key corporate player with direction and control over plaintiffs, is employed by 'Twin Peaks/Front Burner.'" (Doc. 32, PageID #402, at ¶ 231);

- "A list of names of 'who to call' provided to some managers, lists Front Burner employees." (Doc. 32, PageID #402-03, at ¶ 232);

- Front Burner "issue[d] Fair Labor Standard Act notices and [was] the named employer on health insurance plans." (Doc. 32, PageID #402-03, at ¶ 232).

These allegations, however, are insufficient to establish an employer-employee relationship between Front Burner and each individual Plaintiff. Moreover, they do not set forth or even suggest a possible basis for imposing liability against Front Burner.

## II.    Applicable Standard

To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but Rule 8 does call for "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007)). To determine whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim," however "are not entitled to this

presumption of truth" and should be excised when assessing a motion to dismiss. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Federal Rule of Civil Procedure 8(a)(2) imposes "two easy-to-clear hurdles" that a complaint must satisfy in order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555). This "requires more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555.

Second, to survive a motion to dismiss, the court determines whether the well-pleaded allegations, if true, "plausibly suggest . . . a right to relief, raising that possibility above a 'speculative level.'" *Concentra Health Servs., Inc.*, 496 F.3d at 776 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to "provide some specific facts [which] 'give enough details about the subject-matter of the case to present a story that holds together." *McCauley*, 671 F.3d at 616.

Accordingly, a motion to dismiss may be properly granted where the plaintiffs do not allege a plausible entitlement to relief either by (1) failing to provide the defendant with notice of plausible claims against it or (2) asserting only speculative or conclusory allegations in the complaint.

### III. Plaintiffs Fail To Meet the Notice Pleading Requirements of the Federal Rules of Civil Procedure

Plaintiffs fail to satisfy Rule 8(a)'s notice pleading requirements. Where a plaintiff sues multiple defendants, "*[e]ach defendant* is entitled to know what [it] did that is asserted to be wrongful." *Griffin v. Bd. of Regents of Univ. of Wis. Sys.*, 818 F. App'x 558, 561 (7th Cir. 2020). When a complaint "lumps all of the defendants together, never describing which defendant is responsible for what conduct or when each defendant participated in that unspecified conduct," it is inadequate under Rule 8(a). *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). This method of group pleading is improper, and it is reason enough to dismiss the complaint. *See id.*; *see also Griffin*, 818 F. App'x at 561 (affirming dismissal of claims when the plaintiff's allegations are generally stated and do not connect individual defendants to particular actions).

Here, Plaintiffs' Second Amended Complaint begins by defining "Twin Peaks" to collectively refer to the thirteen defendants. (Doc. 32, PageID #363). For the paragraphs that follow, Plaintiffs accuse "Twin Peaks" of engaging in discrimination, harassment, and retaliation. (*See*, *generally*, Doc. 32, PageID #363-401). Notably absent is any reference to Front Burner's role or involvement in the alleged wrongful conduct. (*See*, *generally*, Doc. 32, PageID #363-401). This alleged collective responsibility without any details about who did what is inadequate and does not propound a plausible contention that a particular Defendant did anything wrong and is reason enough to grant dismissal pursuant to Rule 12(b)(6).

### IV. Plaintiffs' Second Amended Complaint Contains No Allegations Which Plausibly Suggest Front Burner Was a Joint Employer of Plaintiffs

Notice aside, Plaintiffs fail to allege any factual allegations which, if proven true, would plausibly suggest Front Burner was a joint employer or that Front Burner could potentially be subject to liability.

The existence of an employer-employee relationship is a primary element of any Title VII, ADA, or Section 1981 claim. *Harris v. Allen Cnty. Bd. of Comm'rs*, 890 F.3d 680, 683 (7th Cir. 2018) (ADA); *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015) (Title VII); *Gonzalez v. Ingersoll Mill. Mach. Co.*, 133 F.3d 1025, 1035 (7th Cir. 1998) ("The same standards governing liability under Title VII apply to section 1981."). A plaintiff may have multiple or joint employers for purposes of liability insofar as the putative joint employer "exerted significant control over the employee." *Whitaker v. Milwaukee Cnty., Wis.*, 772 F.3d 802, 810 (7th Cir. 2014). The Seventh Circuit uses a five-factor "economic realities" test[3] of which the most important factor is "the extent of the putative employer's control and supervision over the putative employee." *Love*, 799 F.3d at 702-03.

Here, under either the joint employer test (where control is the only lodestar) or the detailed "economic realities" formulation (where control is the most important factor), Plaintiffs fail to allege any facts indicating that Front Burner exerted any control, let alone sufficient control, over Plaintiffs' employment sufficient to subject Front Burner to liability. Instead, Plaintiffs hide behind boilerplate allegations of joint employment and fail to differentiate between the thirteen defendants. (*See*, *generally*, Doc. 32; *see also* supra Section III).

Further, of the few factual allegations that reference Front Burner, the majority parrot the factors relevant to the issues of joint employment. For instance, Plaintiffs include conclusory statements like "Plaintiffs have reason . . . to believe that various entities beyond [their direct employer] were jointly their employers and/or controlled the conditions of their employment" and "[w]hatever entities constitute 'corporate' had joint control over the terms and conditions of the

---

[3] To determine whether a defendant is a joint employer, courts examine "(1) the extent of the putative employer's control and supervision over the putative employee; (2) the kind of occupation and nature of skill required; (3) the putative employer's responsibility for operating costs; (4) the method and form of payment and benefits; and (5) the length of the job commitment." *Love*, 799 F.3d at 702.

employees' workplaces because the managers were answerable to 'corporate.'" (Doc. 32, PageID #401, at ¶¶ 224, 227). These conclusory allegations are not entitled to a presumption of truth and do not support a finding of joint employment. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

The remaining allegations that reference Front Burner do not make up the pleading deficit. Specifically, Plaintiffs allege "Brad Hager, a key corporate player with direction and control over plaintiffs, is employed by 'Twin Peaks/Front Burner,'" but this is the only allegation that references, both implicitly and explicitly, Mr. Hager and it provides no factual basis for such conclusion. (Doc. 32, PageID #402, at ¶ 231). Similarly, Plaintiffs allege that the "managers from Orland Park restaurant took direction from Front Burner," but they fail to identify to what the direction pertained. (Doc. 32, PageID #402, at ¶ 229). At best, these conclusory allegation suggests there was some cooperation between Front Burner and Orland Park, for instance, but they fail to indicate or suggest how or that Front Burner had a direct role in controlling Plaintiffs' conditions of employment.

Plaintiffs also allege that Winfield "received her offer letter and orientation instructions from an employee of Front Burner[,]" that "[a] list of 'who to call' provided to some managers lists Front Burner employees[,]" and that "Front Burner . . . issu[ed] Fair Labor Standard Act notices and [was] the named employer on health insurance plans." (Doc. 32, PageID #402-03, at ¶¶ 228, 232). Again, these allegations merely suggest some minor level of integration between Front Burner and the other defendants but fall short of showing Front Burner had any control over Plaintiffs or that Front Burner's control and authority over Plaintiffs caused the alleged violations. For instance, in *Shah v. Littelfuse, Inc.*, this Court granted a putative joint employer's motion to dismiss, finding that the complaint was "devoid of any facts alleging the putative employer

8

controlled the plaintiff's work conditions, assignments, evaluations, or performance" and failed to include any facts demonstrating a basis for liability against the putative employer. No. 12-CV-6845, 2013 WL 1828926, at *3, 6 (N.D. Ill. Apr. 29, 2013). Specifically, the Court found that the "few factual allegations" referencing the putative employer suggested the putative employer's involvement was limited to "administrative tasks" and did not cause, contribute to, or direct the alleged civil rights violations. *Id.* at *4, 6-8.

Here, just like the complaint in *Shah*, Plaintiffs' Second Amended Complaint cites to only administrative tasks, such as issuing FLSA notices, being listed on health insurance plans, or providing an offer letter. Further, these administrative tasks have no relation to the conduct at issue and thus, do not suggest Front Burner had any involvement in, knowledge of, or acquiescence in the alleged wrongful conduct. Consequently, Plaintiffs' claims against Front Burner must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as the Second Amended Complaint contains no allegations plausibly suggesting a joint employer relationship exists or that there is a basis for imposing liability against Front Burner.

### V. Plaintiffs Failed To Exhaust Administrative Remedies Because They Did Not Name Front Burner as a Respondent In Any Charge

Plaintiffs' claims against Front Burner must also be dismissed with prejudice because Front Burner is not a named Respondent in any Charge and thus, had no opportunity to conciliate on its own behalf.

A party not named as the respondent in an EEOC charge may not be sued under Title VII or the ADA. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008). The purpose of requiring the complaint to match the EEOC charge is to notify the charged party of the alleged violation and to give the EEOC and the charged party an opportunity for conciliation. *Id.* For instance, in *Schnellbeacher v. Basking Clothing Co.*, the Seventh Circuit affirmed dismissal of a parent-

company defendant because it did not "have any notice of any charges against *it*," as opposed to knowledge of the charges against its subsidiaries, "nor did it have an opportunity to conciliate on its own behalf." 887 F.2d 124, 126-27 (7th Cir. 1989). Thus, that parent-company defendant did not fall within any exception to the rule. *Id.*

The same rationale applies here. Front Burner was not a named respondent in any of the charges filed by Plaintiffs. (*See* Doc. 25, PageID #233-93). Further, Plaintiffs have not alleged, nor can they, that Front Burner had any notice of or the opportunity to conciliate the claims Plaintiffs now assert against it. (*See*, *generally*, Doc. 32). Accordingly, the claims against Front Burner must be dismissed with prejudice pursuant to Rule 12(b)(6).

## VI. Front Burner Joins the Twin Peaks Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint

Assuming *arguendo*, the Court finds Plaintiffs have alleged sufficient facts which, if true, establish Front Burner is a joint employer and that Plaintiffs' failure to file Charges and/or name Front Burner as a respondent is not fatal to their claims, Plaintiffs' Second Amended Complaint must be dismissed for the reasons set forth in Twin Peaks Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. Accordingly, Front Burner joins in Twin Peaks Defendants' Motion to Dismiss and incorporates it as if fully set forth herein.

WHEREFORE, Defendant Front Burner Restaurants, LP respectfully requests that this Honorable Court dismiss with prejudice Plaintiff's Second Amended Complaint, and for any further relief this court deems just.

Dated: December 17, 2020                    Respectfully submitted,

                                            By: /s/ Stephanie F. Jones
                                            *One of the Attorneys for Front Burner*
                                            *Restaurants, LP*

Stephanie F. Jones (IL ARDC #6313160)
Patrick F. Moran (IL ARDC #6279297)
Katherine P. Decker (IL ARDC #6323799)
Gordon Rees Scully Mansukhani, LLC
One North Franklin, Suite 800
Chicago, Illinois 60606
T: (312) 565-1400
F: (312) 565-6511
sfjones@grsm.com
pmoran@grsm.com
kdecker@grsm.com